

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ann C. Williams | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1858 | **DATE** | 4/13/2000 |
| **CASE TITLE** | MARGUERITE MITCHEM vs. PAYCHECK ADVANCE EXPRESS, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to memorandum opinion and order dated 4/11/00 the court grants defendant's motion to dismiss [11-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 4-14-00 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DL | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARGUERITE MITCHEM,       )
                          )
           Plaintiff,     )
                          )
      v.                  )   99 C 1858
                          )
PAYCHECK ADVANCE EXPRESS, )
INC. and JOHN DOES 1-10,  )
                          )
           Defendants.    )
                          )
                          )

## MEMORANDUM OPINION AND ORDER

On behalf of herself and a putative class, Plaintiff Marguerite Mitchem ("Mitchem") alleges that Defendant Paycheck Advance Express, Inc. ("Paycheck") violated the Electronic Funds Transfer Act ("EFTA") (Counts I and II), the Truth in Lending Act ("TILA") (Counts III and IV), the Illinois Consumer Fraud Act (Count VI) and state law prohibiting unconscionability (Count V). Paycheck moves to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For reasons set forth below, the court grants



defendant's motion.

## Background

Paycheck specializes in issuing "payday loans" which are short term loans at very high interest rates. The loans are typically for two weeks in duration and carry annual percentage rates as high 500 percent. A borrower need only present photo identification, a bank statement and a pay stub to obtain one of these loans. Mitchem secured two "payday loans" from Paycheck. On February 27, 1999, she signed for a $300 loan which carried a $60 finance charge or 521.43 percent annual percentage rate. Her second loan was made on March 13, 1999. This loan was again for $300 and the finance charge remained $60, but the annual percentage rate dropped to 456.25 percent. In both instances, Mitchem gave Paycheck a post-dated personal check for the full amount ($300 principal and $60 finance charge). According to the agreement, the check would be held by the lender "as payment for this loan" and "[t]he Borrower understands that the Lender will deposit this check on the Date Payment is Due."

Plaintiff Mitchem filed her amended complaint alleging that Paycheck violated the EFTA, TILA and various state laws. Paycheck filed its motion to dismiss all EFTA and TILA under Federal Rule of Civil Procedure 12(b)(6) and all state law claims under 12(b)(1).

## Analysis

Defendant Paycheck moves this court to dismiss Plaintiff Mitchem's Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. See Demitropoulos v. Bank One Milwaukee, N.A., 915 F. Supp. 1399, 1406 (N.D. Ill. 1996) (citing Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)). Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Colfax Corp. v. Illinois State Toll Highway Auth., 79 F.3d 631, 632 (7th Cir. 1996) (citation omitted). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him

to relief." Colfax, 79 F.3d at 632 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

I. EFTA

Mitchem complains that Paycheck violated the Electronic Funds Transfer Act ("EFTA") by requiring authorization of an electronic funds transfer as a condition of credit. The EFTA prohibits a lender from "condition[ing] the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers." 15 U.S.C. § 1693(k). An "electronic funds transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693(a)(6). Here, the transaction at issue was originated by a check. The statute makes an explicit exception for checks, regardless of whether or not the account information is on them. Therefore, the post-dated check that Paycheck held as security was not an "electronic

funds transfer" as defined by the Act.[1] Without an electronic funds transfer, Mitchem's claims under the EFTA cannot be sustained.

## II. TILA

In her amended complaint, Mitchem contends that Paycheck violated the Truth in Lending Act ("TILA") because the post-dated check Mitchem provided in return for her loan created a "some sort of security interest" that was not properly disclosed in her loan agreement. In response, Paycheck argues that Mitchem fails to state a claim under the TILA because (a) a post-dated check is a security interest and (b) Paycheck disclosed this security interest as required by TILA.

TILA was enacted in order to promote the informed use of credit. See Mourning v. Family Publishing Service, Inc., 411 U.S. 356, 364 (1973). Thus, every creditor is required to compute and state the cost of that credit in a uniform manner which enables consumers to compare

---

[1] In Featherstone v. GFG, Nos. 99 C 1866, 99 C 3075, 99 C 3158, 99 C 3665, 99 C 3981, 2000 WL 294119, *8 (N.D. Ill. Mar. 17, 2000), a colleague disagreed with this analysis. Finding that a similar transaction was originated by a note, not a check, the court sustained the plaintiff's EFTA claim. Id. However, the transfer of funds that would serve to repay the loan, the transaction to which 15 U.S.C. §1693(k) refers, would be originated by the post-dated check, not the note.

the terms of different credit options by simply comparing several key numbers. It "effectively adopts a new national loan vocabulary that means the same in every contract in every state." Mason v. General Fin. Corp., 542 F.2d 1226, 1233 (4th Cir. 1976). This new "vocabulary" includes certain mandatory disclosures such as "annual percentage rate," "finance charge" and "security interest." 15 U.S.C. § 1638(a); Regulation Z, 12 C.F.R. 226.18(m).

"Security interest" is a term of art which refers to a specific class of transactions. The regulations which implement TILA define "security interest" as "an interest in property that secures performance of a consumer credit obligation." 12 C.F.R. § 226.2(a)(25). A security interest is collateral and upon default, the creditor may take or sell the debtor's security interest in order to satisfy the obligation for which it was given. See 810 ILCS 5/9-105(1)(c).

Under TILA, lenders must disclose any security interest taken. "Where the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction

identified by item or type" must be included in the loan agreement. 15 U.S.C. §1638(a)(9). Of course, all required disclosures must be accurate. See Gibson v. Bob Watson Chevrolet Geo, Inc., 112 F3d 283, 285 (7th Cir. 1982). Here, Mitchem suggests that the statement, "This Check will be held by the Lender as payment for this loan," contained in Paycheck's standard form loan agreement was an inaccurate disclosure of security interest. She maintains that because the post-dated check has no value, Paycheck's claim that it would be held as "payment" for the loan is inaccurate.

The Seventh Circuit has wrestled with the issue of whether similar statements included in other payday loan agreement forms violate TILA. In Smith v. Cash Store Management, 195 F.3d 325, 331 (7th Cir. 1999), the court held that a check can serve as collateral and payday lenders may "lawfully assert under TILA that [plaintiff's] post-dated check was security for the loan." Id. While the facts in Smith are slightly different from the case before the court, it's legal effect is the same.

In Smith, the plaintiff argued that the loan agreement violated TILA because it included the statement, "Your post-dated check is security for

this loan." Smith, 195 F.3d at 326. Smith argued that such a statement was inaccurate because a check could not be a security interest under Illinois law. The Seventh Circuit made a clear distinction between security and security interest, but found that in these loans, a post-dated check does have some value. In this context, the check "gives the lender rights in addition to those provided by the loan agreement itself." Hahn v. McKenzie Check Advance of Illinois, 202 F.3d 998, 999 (7th Cir. 2000). Because the lender has remedies available to him under the Illinois bad check statute, 810 ILCS 5/3-806, the check has value beyond the paper on which it is written. The check retained some extrinsic legal status. Smith, 195 F.3d at 330. As such, the statement "your post-dated check is security for this loan," was accurate and its inclusion did not violate TILA.

The same is true here. The post-dated check Mitchem provided some additional security for the loan she obtained. It provided Paycheck with an "alternate route[] to collect its debt." Smith, 195 F.3d at 329. As such, the statement that it would be held as "payment" for the loan does not violate TILA. The Smith court specifically held that while a post-

dated check does offer extra security for the lender, the lender does not necessarily take a security interest in the amount printed on the face of the check. Smith, 195 F.3d at 330. "The rights created by state commercial law can, and in this case do, create some value in the [post-dated check]." Id. Having found that the statement informing Mitchem that her post-dated check would be used as payment for the loan was not an inaccurate disclosure, the court must dismiss Mitchem's TILA claim.

### III. State Claims

Having dismissed Mitchem's TILA and EFTA claims, the court no longer has independent jurisdiction over plaintiff's remaining state law claims. The decision to retain supplemental state law claims is left to the sound discretion of the district court. See VanHarken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir.1997). The court declines to exercise supplemental jurisdiction in this case. Accordingly, the court remands Mitchem's remaining claims to state court pursuant to 28 U.S.C. § 1367(c)(3).

## Conclusion

For the reasons set forth above, the court grants defendant's motion to dismiss.

ENTER:

*Ann Claire Williams*

_____
**Ann Claire Williams,
Judge**

**Dated: April 11, 2000**

*G:\CIV.OPN\Mitchem.wpd*